**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BILLY FREEMAN**                                                                  **PETITIONER**

**V.**                               **4:03CR0304-02
4:06CV00360**

**UNITED STATES OF AMERICA**                                **RESPONDENT**

**ORDER**

On December 3, 2003, the Grand Jury returned an indictment charging the Petitioner and Jack Foster with one count of aiding and abetting an attempt to commit Hobbs Act extortion in violation of 18 U.S.C. §1951 and 2. On May 5, 2004, the Petitioner pled guilty to the offense and entered into a plea agreement with the United States.

On March 16, 2005 the Petitioner was sentenced. The United States made a motion for the third point for acceptance of responsibility to be awarded. The resulting offense level was 15 with a guideline range of 18-24 months. The United States made a motion for a downward departure based on the Petitioner's cooperation in the investigation and prosecution of Petitioner's co-defendant, Jack Foster. The Court granted the motion and sentenced the Petitioner to 13 months imprisonment, three years supervised release, $350,000 restitution in connection to an uncharged, related offense, and the $100 special assessment. The Petitioner began his sentence on June 6, 2005. The petitioner was released from the Bureau of Prisons on May 12, 2006 and began serving his period of supervised release.

Petitioner filed his current motion to vacate his sentence pursuant to 28 U.S.C. §2255 on March 23, 2006. Petitioner argues that trial counsel was ineffective for failing to argue that there

was insufficient evidence of a direct effect on interstate commerce to satisfy the Hobbs Act; that his Sixth Amendment rights were violated because the Court relied on judge found facts in imposing his sentence and that trial counsel was ineffective for failing to object at sentencing and for failing to raise the issue in a direct appeal.

**Insufficient Evidence Claim:**

Petitioner argues that there was insufficient evidence of a direct effect on interstate commerce to satisfy the Hobbs Act and that his counsel was ineffective for failing to demonstrate to the District Court that the facts failed to establish a sufficient federal nexus. Petitioner did not raise this issue on direct appeal. "The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion, and this rule applies equally when the conviction was entered pursuant to a guilty plea." *Matthews v. United States*, 114 F.3d 112,113 (8th Cir. 1997)(citations omitted). This procedural default may be excused only if the petitioner "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." *Id.*

As in *Matthews*, Petitioner argues that he received ineffective assistance of counsel. To prove a claim of ineffective assistance of counsel, petitioner must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. *See, Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must demonstrate that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"

*Matthews,* 114 F. 3d at 114.

Petitioner has failed to prove that he suffered prejudice even if the Court were to find that his counsel's performance were deficient.  First, Petitioner does not allege that but for his counsel's errors he would not have pleaded guilty and would have insisted on going to trial.  Petitioner entered into the plea agreement in order to dispose of a variety of offenses for which he was under investigation by federal and state officials.  The agreement caused the penalties for the offenses to be served concurrently and the Petitioner was not charged with all of the conduct for which he was alleged to be responsible.  Further, the argument asserted by Petitioner was made by Jack Foster in his motion for judgment of acquittal and in his appeal.  On April 11, 2006, the Eighth Circuit Court of Appeals affirmed Mr. Foster's conviction.  The Court held that there was sufficient evidence to support the interstate commerce element of the Hobbs Act.  *United States v. Foster*, 443 F.3d 978 (8th Cir. 2006).   Accordingly, the Court denies Petitioner's motion on this claim.

**Booker Claim**:

Petitioner argues that his Sixth Amendment rights were violated because the Court relied on judge found facts in imposing his sentence and that trial counsel was ineffective for failing to object at sentencing and for failing to raise the issue in a direct appeal.  Petitioner alleges that the sentencing enhancements imposed under United States Sentencing Guidelines Sections 2C1.1 and 2C1.1(b)(2)(B) violated his right to have the jury find the existence of "any particular fact" that the law made essential to his punishment.   However, Petitioner entered a plea agreement and specifically stipulated to the base offense level of ten as determined by U.S.S.G. §2C1.1 and an eight level enhancement pursuant to U.S.S.G. §2C1.1(b)(2)(B) because the offense involved a

3

payment for the purpose of influencing an elected official. Petitioner cannot challenge under *United States v. Booker*, 125 S. Ct. 738 (2005) the sentence to which he stipulated in his plea agreement because he voluntarily exposed himself to a specific punishment. *See, United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995), *United States v. Brown*, 126 Fed. Appx. 765 (8th Cir. 2005). Further, Petitioner has not presented any evidence that his counsel's performance was deficient and but for his counsel's errors he would not have entered a plea of guilty and would have insisted on going to trial.

Petitioner does not present any nonconclusory, credible evidence supporting his claims. A "claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face...." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994). For the reasons stated above, petitioner's Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255,(docket # 99), is denied .

IT IS SO ORDERED this 31st day of May, 2006.

_____
James M. Moody
United States District Judge